UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN MARTIN, #173393,

        Petitioner,

                              CASE NO. 5:10-CV-13331
v.                             HONORABLE JOHN CORBETT O'MEARA

CAROL HOWES,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND TO EXPAND THE RECORD

Michigan prisoner Melvin Martin ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1997 state court convictions on four counts of first-degree criminal sexual conduct, first-degree home invasion, larceny from a person, and possession of a firearm during the commission of a felony. This matter is before the Court on Petitioner's motion for appointment of counsel and expansion of the record.

In support of his request for counsel, Petitioner alleges that he is untrained in the law, that he has limited ability to investigate and conduct his case due to his incarceration, that his case involves complex issues, and that he is financially unable to retain legal counsel. Petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)).

Petitioner has submitted pleadings in support of his habeas claims. Neither an evidentiary hearing nor discovery are necessary at this time, and the interests of justice do not require appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's request for appointment of counsel. The Court will reconsider Petitioner's request if, following receipt of the answer and state court record, the Court finds that appointment of counsel is necessary.

Petitioner also seeks to expand the record to add materials related to his state criminal proceedings. Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent is required to submit all transcripts and documents relevant to the determination of the habeas petition at the time the answer is filed. *See* Rule 5, 28 U.S.C. foll. § 2254. The Court may also require that the record be expanded to include additional materials relevant to the determination of the habeas petition. *See* Rule 7, 28 U.S.C. foll. § 2254.

Respondent has not yet filed an answer to the habeas petition or the state court record. Until those materials are filed, the Court need not require that additional documents be submitted for review. It does not appear at this time that the materials requested by Petitioner are needed to resolve this case. Should the Court find otherwise upon further review of the case, the Court will order the production of any necessary materials. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's request to expand the record. The Court will bear in mind both of Petitioner's requests. He need not file another motion regarding such matters.

**IT IS SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date: January 4, 2011

   I hereby certify that a copy of the foregoing document was served upon Petitioner at Lakeland Correctional Facility on this date, January 4, 2011, using first-class U.S. mail.

             <u>s/William Barkholz</u>
             Case Manager