UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN MARTIN,

       Petitioner,

          v.

CAROL HOWES,

       Respondent.

_____/

CASE NO. 2:10-CV-13331
JUDGE JOHN CORBETT O'MEARA
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON PETITIONER'S HABEAS APPLICATION (docket #1) and RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (docket #7)**

I.    <u>RECOMMENDATION</u>: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment (docket #8). If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.    <u>REPORT</u>:

A.    *Procedural Background*

    Petitioner Melvin Martin is a state prisoner, currently confined at the Lakeland Correctional Facility in Coldwater, Michigan. Petitioner is serving a combined sentence of 30-60 years' imprisonment imposed as a result of his 1997 state court convictions for first degree criminal sexual conduct, home invasion, larceny from a person, and possession of a firearm during the commission of a felony. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

      •    Petitioner was convicted on February 26, 1997, following a jury trial in the Detroit

Recorders' Court (now Wayne County Circuit Court).  On April 11, 1997, he was sentenced by the court.

• Petitioner, through counsel, appealed as of right to the Michigan Court of Appeals, raising a single claim of improper admission of evidence.  On February 5, 1999, the court of appeals affirmed petitioner's conviction and sentence.  *See People v. Martin*, No. 203773, 1999 WL 33454918 (Mich. Ct. App. Feb. 5, 1999).

• Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On September 29, 1999, the Supreme Court denied petitioner's application for leave to appeal.  *See People v. Martin*, 461 Mich. 877, 602 N.W.2d 580 (1999).

• On December 18, 2008, petitioner filed motions for new trial and for DNA testing in the trial court.  The trial court denied the motions on January 20, 2009.  On June 1, 2009, the trial court denied petitioner's motion for reconsideration.  Petitioner did not seek leave to appeal in the Michigan Court of Appeals or Michigan Supreme Court.

On August 16, 2010, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  As grounds for the writ, petitioner claims that he was denied his right to counsel, and that counsel was ineffective at trial and on appeal.  Underlying petitioner's ineffective assistance claims are claims of illegal arrest and prosecutorial misconduct.  Respondent filed a motion for summary judgment on February 24, 2011, arguing that petitioner's habeas application is untimely.  Petitioner filed a reply in support of his habeas petition on April 27, 2011.  For the reasons that follow, the Court should grant respondent's motion for summary judgment.

B.     *Analysis*

1.     *Statutory Timeliness and Tolling*

Respondent argues that petitioner's application is barred by the one-year statute of

---

[1]Although petitioner's application is file-stamped August 23, 2010, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing.  *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is signed and dated August 16, 2010.  Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on August 16, 2010.

2

limitations governing habeas petitions.  On April 24, 1996, President Clinton signed into law the

Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr.

24, 1996).  In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of

limitations for habeas petitions.  Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[2]

As the language of the statute indicates, there are four possible dates on which the limitations

period may begin to run.  Assuming that the default commencement date established by

subparagraph (A) applies here, petitioner's application is untimely.  Under subparagraph (A) of §

2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of

---

[2]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1).  *See* 28 U.S.C. § 2255 para. 6.  Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

3

conviction does not become "final" until the time for seeking certiorari review
expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*,
111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v.
Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final
upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme
Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v.
Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of
law would be an impermissible retroactive application to a case which has already become final,
conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*,
479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has
been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed
or a petition for certiorari finally denied.").

Here, petitioner's direct appeal concluded with the Supreme Court's denial of his application
for leave to appeal on September 29, 1999. Petitioner's conviction became final 90 days later when
the time for seeking *certiorari* in the United States Supreme Court expired, or on December 29,
1999. Thus, the one year limitation period began running on December 30, 1999, *see* FED. R. CIV.
P. 6(a)(1)(A), and expired one year later on January 2, 2001.[3] Because petitioner did not file his
petition until August 16, 2010, it is untimely unless the limitations period was tolled for any reason.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly
filed application for State post-conviction or other collateral review with respect to the pertinent

---

[3]One year actually expired on December 30, 2000. This, however, was a Saturday. Because of
the New Year holiday, the next date on which the Court was open was January 2, 2001, and petitioner
had until this date to file his petition. *See* FED. R. CIV. P. 6(a)(1)(C).

judgment or claim is pending[.]"  Petitioner's motion for relief from judgment was filed in the trial court on December 18, 2008.  By this time, however, the limitations period had been expired by nearly 8 years.  It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run."  *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.).  Because petitioner's postconviction motion was filed after the limitations period had expired, there was no time remaining on the limitations period to toll, and thus petitioner's application is untimely.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) (Gadola, J.); *Neal v. Bock*, 137 F. Supp. 2d 879, 884 (E.D. Mich. 2001) (Lawson, J.).

   2. *Petitioner's Arguments*

   For the most part, petitioner's response to respondent's motion for summary judgment addresses only the merits of his claims.  Petitioner does cite to the portion of § 2244 addressing successive petitions, specifically those portions of the statute which permit a successive petition based on newly discovered facts which establish the petitioner's actual innocence.  *See* 28 U.S.C. § 2244(b)(2)(B).  To the extent petitioner is asserting either newly discovered facts or actual innocence as a basis for overcoming the limitations bar, his arguments are without merit.

   As noted above, although ordinarily the limitations period runs from the date the conviction becomes final, in appropriate cases it may also commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  This provision requires a court "to review the 'factual

predicate' of petitioner's claims and determine whether they could have been discovered prior to when his conviction became final." *Sierra v. Evans*, No. 98-6040, 1998 WL 712578, at *2 (10th Cir. Oct. 13, 1998). Further, this provision "does not postpone the accrual of limitations based on a *pro se* litigant's or an attorney's belated discovery or realization of the legal consequences of known facts. Rather, postponed accrual is in order only if the facts themselves supporting a legal claim were undiscoverable in a timely fashion, despite due diligence." *Fraser v. United States*, 47 F. Supp. 2d 629, 630 (D. Md. 1999). In short, the operative inquiry is whether the facts themselves, rather than the legal import of or evidence supporting them, could not have been discovered through the exercise of reasonable diligence. *See United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (Gadola, J.); *Hereford v. McCaughtry*, 101 F. Supp. 2d 742, 745 (E.D. Wis. 2000). Petitioner does not suggest, either in his habeas application or his reply brief, that the facts were unavailable to him earlier. Rather, petitioner's claims are all based on counsel's actions at trial and on appeal, facts which were available to him at the time of those proceedings.

Further, even if petitioner were entitled to a delayed starting under § 2244(d)(1)(D), his petition would still be untimely. At the latest, petitioner knew of the facts supporting his claims at the time he made those claims in his state court motions for new trial and for DNA testing. Assuming that the limitations period would not have started until the conclusion of those proceedings (because the proceedings themselves tolled the limitations period under § 2244(d)(2)), at the latest the limitations period would have commenced on June 2, 2009, the day after the trial

6

court denied his motion for reconsideration.[4] He therefore had until June 2, 2010, to file his petition. Because the petition was not filed until August 23, 2010, it is untimely even if petitioner is given the benefit of § 2244(d)(1)(D).

With respect to actual innocence, the Sixth Circuit has held that the actual innocence exception, which allows a court to review the merits of a habeas claim notwithstanding a procedural default, likewise exists for the habeas statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 598-602 (6th Cir. 2005). In order to be entitled to the actual innocence exception, however, a petitioner must present "new and reliable evidence that was not presented at trial" that "show[s] that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 299 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327 (internal citation and quotation omitted). It is not sufficient to show merely that the evidence raises a reasonable doubt which did not otherwise exist. *See id*. at 329 ("The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in light of the new evidence, but rather that no reasonable juror would have found the defendant guilty."). "Examples of evidence which may establish factual innocence include credible declarations of guilt by another, trustworthy eyewitness accounts, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996) (citations omitted); *accord Schlup*,

---

[4]Unlike the commencement provision, which speaks of a conviction becoming final, § 2244(d)(2) tolls the limitations period only while a state application is "pending." Because petitioner filed no appeal from the trial court's decision on his postconviction motions, there was nothing "pending" in the state courts to toll the limitations period after the trial court's denial of his motions. *Cf. Evans v. Chavis*, 546 U.S. 189, 191 (2006) (emphasis in original) (explaining that an application for postconviction review remains pending during the interval between the trial court's decision and the filing of an appeal, and is thus tolled under § 2244(d)(2), "*provided that* the filing of the notice of appeal is timely under state law.").

7

513 U.S. at 324 (referring to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"). *See generally*, *Souter*, 395 F.3d at 589-90. Here, although petitioner asserts that he is innocent, he has pointed to no new, reliable evidence which clearly establishes his innocence. Thus, he is not entitled to relief from the limitations bar on this basis.

Nor does the petition or petitioner's response provide any basis for equitably tolling the limitations period. To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Here, petitioner has failed to point to any extraordinary circumstance which prevented timely filing. Petitioner's *pro se* status or lack of knowledge of the law provide no basis for equitable tolling. The Courts have uniformly held that neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.). Petitioner also suggests that his constitutional claim is meritorious and goes to the trial court's jurisdiction, but neither of these arguments provides a basis for overcoming the limitations bar. The very existence of a statute of limitations presupposes that meritorious claims will not be considered when they are not diligently pursued. *See Steele v. United States*, 599 F.2d 823, 828-29 (7th Cir. 1979). For this reason, "[t]he tolling exception is not an open-ended invitation to the courts to disregard limitation periods simply because they bar what may be

8

an otherwise meritorious cause." *School Dist. of the City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981). Thus, neither the importance nor the merit of petitioner's constitutional claims provides a basis for equitably tolling the limitations period. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003) (en banc).

In view of the foregoing, the Court should conclude that petitioner's application is untimely, and that he is not entitled to equitable tolling or a delayed starting of the limitations period.

C.   *Recommendation Regarding Certificate of Appealability*

1.   *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to

deserve encouragement to proceed further.'"" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.    *Analysis*

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added).  As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted." *Id.* at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's ruling on the procedural question is reasonably debatable.  As noted above, petitioner's habeas application is untimely by a number of years, and petitioner has provided no basis for concluding that he is entitled to a delayed starting of the limitations period under § 2244(d)(1)(D) or that he is entitled to equitable tolling.  Neither the importance nor merit of petitioner's claim provides a basis for overcoming the limitations bar.  Thus, the resolution of the limitations issue is not reasonably debatable, and the Court should conclude that petitioner is not entitled to a certificate of appealability.

D.      *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions.  Accordingly, the Court should grant respondent's motion for summary judgment and dismiss the petition.  If the Court accepts this recommendation, the Court should also deny the certificate of appealability..

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal.

*Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives_____
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 5/10/11

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on May 10, 2011.

s/Eddrey Butts_____
Case Manager

12