UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN MARTIN,

        Petitioner,

v.

CASE NO. 5:10-CV-13331
HONORABLE JOHN CORBETT O'MEARA

CAROL HOWES,

        Respondent.
_____/

### ORDER REOPENING THE CASE, DENYING THE POST-JUDGMENT MOTIONS, DENYING A CERTIFICATE OF APPEALABILITY, & TRANSFERRING THE MOTIONS TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Michigan prisoner Melvin Martin ("Petitioner") has filed several post-judgment motions pursuant to Federal Rule of Civil Procedure 60(b)(3) and 60(d) concerning the Court's dismissal of his federal habeas petition in 2011 for failure to comply with the one-year statute of limitations applicable to federal habeas actions. *See* 28 U.S.C. § 2244(d). Specifically, Petitioner filed a "Motion to Consider an Independent Action" on July 6, 2016, a "Motion to Vacate Sentence" on November 19, 2016, a letter requesting relief on November 21, 2016, and a "Motion for Writ of Mandamus or Order to Show Cause or for Superintending Control" on June 21, 2017. In his motions, he appears to seek relief from the Court's judgment and to reinstate his habeas claims and/or to present new, additional claims for habeas review. The Court now **REOPENS** this case for the limited purpose of resolving Petitioner's motions. *See Heximer v. Woods*, No. 2:08-CV-14170, 2016 WL 183629, *1 (E.D. Mich. Jan. 15, 2016) (reopening case for consideration of post-judgment motion).

Petitioner first seeks post-judgment relief pursuant to Federal Rule of Civil Procedure

60(b)(3). Under Rule 60(b), a federal district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) – no more than one year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1); *Conner v. Attorney General*, 96 F. App'x 990, 992 (6th Cir. 2004). The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). A court has broad discretion in deciding such matters, but that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Petitioner did not file his motion for relief from judgment within one year or within a reasonable time given that the Court dismissed his habeas petition in 2011 and he filed his current motions in 2016 and 2017. Petitioner fails to provide an explanation for the multiple-year delay in filing his motions. He knew or could have known of his current arguments at the time of his state criminal proceedings and/or when he originally sought federal habeas review. The motion is

untimely and must be denied.

Moreover, even if the Court considers the merits of the motion under Rule 60(b)(3), Petitioner is not entitled to relief from judgment. He fails to establish that this Court's judgment should be vacated due to fraud, misrepresentation, or other misconduct by an adverse party. The Court did not err in dismissing his habeas petition as untimely. Accordingly, the Court **DENIES** Petitioner's Rule 60(b)(3) motion.

Petitioner also seeks post-judgment relief pursuant to Federal Rule of Civil Procedure 60(d). That rule provides:

> Other Powers to Grant Relief. This rule does not limit a court's power to:
>
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>
> (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d). An independent action under Rule 60(d) is an equitable action, which has no time limitation. *Mitchell v. Rees*, 651 F.3d 593, 594–95 (6th Cir. 2011). Its elements are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id*. at 595 (citing *Barrett v. Secretary of Health & Human Svs.*, 840 F.2d 1259, 1263 (6th Cir. 1987)). An independent action under Rule 60(d) is available to prevent "a grave miscarriage of justice." *Id*. (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998), and citing cases). This is a "'stringent' and 'demanding' standard," and, because Petitioner seeks relief from judgment in a

habeas case, he must make a strong showing of actual innocence to establish that relief is required. *Id*. at 595–96 (citing *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998), and *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

Petitioner makes no such showing. Rather, he merely re-argues issues previously presented to the Court and/or raises issues which could have been presented in his initial habeas proceeding. His allegations do not warrant the extraordinary remedy that he seeks in this action. Petitioner fails to establish that the Court erred in dismissing his habeas petition as untimely, that he is innocent, or that he is otherwise entitled to relief under Rule 60(d). Accordingly, the Court **DENIES** Petitioner's Rule 60(d) motion.

Before Petitioner may appeal the Court's ruling, a certificate must issue. *See Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)). A certificate of appealability may issue only when the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

With *Slack v. McDaniel* in mind, judges within this district have adopted the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 2:08–CV–11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012); *Carr v. Warren*, 05–CV–73763, 2010 WL 2868421, *2 (E.D. Mich. July 21, 2010) (both citing *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)). Petitioner is not entitled to a certificate of appealability because he fails to demonstrate that jurists of reason would find it debatable whether the Court abused its discretion in denying his motions. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, to the extent that Petitioner seeks to raise new claims for relief challenging the validity of his state criminal proceedings which were not previously presented in federal court, his motions constitute second or successive habeas petitions which must be transferred to the United States Court of Appeals for the Sixth Circuit. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *In re Nailor*, 487 F.3d 1018, 1022-23 (6th Cir. 2007). Accordingly, the Court **TRANSFERS** Petitioner's post-judgment motions to the Sixth Circuit.

**IT IS SO ORDERED**.

Date: July 13, 2017                               s/John Corbett O'Meara
                                                  United States District Judge

I hereby certify that on July 13, 2017 a copy of this order was served upon the parties of record using the ECF system, and/or by first-class U.S. mail.

                                                  s/William Barkholz
                                                  Case Manager